Filed 12/18/13  P. v. Maldonado CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>RICHARD MALDONADO,<br><br>     Defendant and Appellant. | H038383<br>(Santa Clara County<br>Super. Ct. No. CC961866) |

Defendant Richard Maldonado was convicted after jury trial of one count of lewd or lascivious act on child under the age of 14.  (Pen. Code, § 288, subd. (a).)  On appeal, defendant asserts the trial court erred in excluding evidence that the victim J.D., had been molested by another man.  In addition, defendant argues the court's no contact order pursuant to Penal Code section 1202.05 must be narrowed.

### STATEMENT OF THE FACTS AND CASE

From January to April 2009, Kimberly L. lived with defendant in defendant's two-bedroom mobile home.  Her seven-year-old daughter J.D., and her five-year-old daughter C.D. also lived there, and C.D.'s father Steven lived there for a short period of time.  Kimberly and her daughters occupied one of the bedrooms in the mobile home.

During this time, Kimberly did not work, and had a serious methamphetamine addiction.  J.D. and C.D. were removed from Kimberly's care in April 2009 because of

her drug problem. The girls eventually went to live with Steven's sister, Christina C. and Kimberly was allowed supervised visits with them between April and July 2009.

At the end of June or beginning of July 2009, C.D. approached Christina and said she wanted to tell her something important. C.D. told Christina that while she was living with her mother in defendant's mobile home, defendant touched her in a way that made her feel uncomfortable. C.D. said that defendant would lie on the couch with a sheet over him and would sit C.D. on his lap so that his "private part[]" was rubbing against her "butt." C.D. said that sometimes defendant would "tickle her cooch," which was her word for vagina. C.D. was emotional and crying when she talked to Christina and told Christina that she had not reported this to her mother, because she did not trust her mother and was afraid that her mother would accuse her of lying. Christina called the social worker assigned to their case to report what C.D. has told her.

A few days after C.D. talked to Christina, J.D. made a similar disclosure about defendant's inappropriate touching. J.D. said defendant would hold her by her feet and "tickle her cooch" while swinging her back and forth. Within a day or two of C.D. and J.D.'s disclosures to Christina, the girls were interviewed by police.

C.D.'s first disclosure to Christina happened on the same day or the day after Christina and girls ran into Kimberly at McDonald's. Christina learned that Kimberly might be released from her drug rehabilitation program soon, and was concerned about the girls returning to her care. After running into Kimberly, C.D. expressed reservation to Christina about returning to Kimberly's care.

In October 2010, defendant was charged by information with two counts of lewd or lascivious act on a child under the age of 14 (Pen. Code, § 288, subd. (a)). Count one was alleged as to victim J.D., and count two was as to victim C.D. Defendant was found guilty after jury trial of count 2; the jury was unable to reach a verdict as to count 1, and court declared a mistrial as to that count.

2

The prosecutor filed an amended information adding count three, misdemeanor annoying or molesting a child, J.D. (Pen. Code, § 647.6, subd. (a)(1)). Defendant pleaded no contest to count three, and count one was dismissed. The court sentenced defendant to a term of three years in state prison.

## DISCUSSION

On appeal, defendant asserts the trial court erred in excluding evidence that the victim J.D., had been molested by another man. In addition, defendant argues the court's no contact order pursuant to Penal Code section 1202.05 must be narrowed.

### *Evidence That J.D. Had Been Molested*

Defendant argues the court erred in excluding evidence of the prior molestation under Evidence Code section 352, because the evidence was relevant to the victim's credibility. In addition, defendant asserts the trial court's exclusion of the evidence infringed on his constitutional right to confrontation.

#### *Factual Background*

In April 2009, while J.D. and C.D. were living with defendant, Jordan Rushing[1] molested J.D. During this time, Kimberly and Jordan's brother, Jonathon, were in a relationship and she and the girls would often stay the night at Jonathon's apartment. Jordan lived in the apartment with Jonathon. On April 2, 2009, J.D. was sleeping on the couch in Jonathon's apartment. Jordan was also sleeping in the living room. Jordan pulled down J.D.'s pajama bottom and poked his finger into her anus.

That day, J.D. told Kimberly about what Jordan had done, and Kimberly told her not to tell anyone "because it was a secret and that if she did, CPS would take [J.D.] away." On the same day, J.D. told her teacher and a school counselor about what Jordan did. J.D. was ultimately interviewed by social workers, a SART nurse and police officers

---

[1] There is no relation between Jordan Rushing and the author of this opinion.

3

about the alleged molestation by Jordan. She did not mention any molestation by defendant in any of the interviews.

Prior to trial, defense counsel sought to introduce evidence that J.D. had been molested by Jordan during the time period during which she lived with defendant. Defense counsel argued the evidence was relevant to attack J.D.'s credibility. Defense counsel did not assert J.D. lied about the Jordan molestation; rather he argued that prior to July 2009 when J.D. told Christina about defendant's inappropriate touching, she had many opportunities to report defendant's conduct during the investigation of the Jordan molestation, and failed to do so.

The prosecution argued that the Jordan molestation should not be admitted, because it did not impact J.D.'s credibility. Specifically, J.D. had been truthful about the molestation, because her report resulted in criminal charges and Jordan pleading no contest.[2] Moreover, J.D.'s failure to report defendant's conduct during the investigation of Jordan's molestation, did not constitute a prior inconsistent statement.

The trial court opined that a victim's failure to disclose molestation is relevant to credibility. However, the court did not believe it was relevant that J.D. failed to disclose defendant's inappropriate touching in the context of being interviewed about the Jordan molestation. The court further found that evidence of the Jordan molestation would entail a "trial within a trial," and would be extremely time consuming for evidence of "marginal" relevance. The court excluded the evidence under Evidence Code section 352.

The trial court retains discretion to admit or exclude evidence offered for impeachment. (*People v. Rodriguez* (1999) 20 Cal.4th 1, 9.) Under Evidence Code section 352, "[t]he court in its discretion may exclude evidence if its probative value is

---

[2] As a result of this incident, Jordan ultimately pleaded no contest to lewd and lascivious act on a child in March 2011.

4

substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury." "For this purpose, 'prejudicial' is not synonymous with 'damaging,' but refers instead to evidence that ' "uniquely tends to evoke an emotional bias against defendant" ' without regard to its relevance on material issues." (*People v. Kipp* (2001) 26 Cal.4th 1100, 1121.)

It is the exclusive province of the trial court to determine whether the probative value of evidence outweighs its possible prejudicial effect. (*People v. Sassounian* (1986) 182 Cal.App.3d 361, 402.) The trial court's exercise of discretion on this issue will not be disturbed on appeal absent a clear showing of abuse. (*Ibid*.) This rule requires that the reviewing court engage in all intendments and presumptions in support of the decision and consider the evidence in a light most favorable to the prevailing party. (*People v. Condley* (1977) 69 Cal.App.3d 999, 1015.) It requires "a showing the trial court exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice." (*People v. Rodriguez, supra*, 20 Cal.4th at pp. 9-10.)

Here, defendant cannot establish that the trial court acted in an arbitrary or capricious manner in excluding the evidence. Indeed, the court considered the question of admissibility at length, and reasonably opined that the evidence would amount to a mini-trial, and create, little, if any, relevant impact on J.D.'s credibility.

Moreover, this is not a circumstance where a victim made a prior false accusation of sexual molestation, calling her current accusation into question; rather, J.D. made a prior *true* accusation of sexual molestation that was substantiated by Jordan's criminal conviction. If anything, the prior evidence of J.D.'s report of the Jordan molestation strengthened, rather than questioned her credibility.

5

We find no abuse of discretion in the trial court's exclusion of the evidence of the Jordan molestation. In addition, we find no constitutional error. The state and federal Constitutions guarantee a criminal defendant the right to confront and cross-examine witnesses against him. (U.S. Const., 6th Amend.; Cal. Const., art. I, § 15.) Although cross-examination to test the credibility of a prosecuting witness in a criminal case should be given wide latitude (*People v. Brown* (2003) 31 Cal.4th 518, 545), "[e]xclusion of impeaching evidence on collateral matters which has only slight probative value on the issue of veracity does not infringe on the defendant's right of confrontation." (*People v. Greenberger* (1997) 58 Cal.App.4th 298, 350.) Here, the court found the evidence to have little probative value. Exclusion of that evidence did not infringe on defendant's right of confrontation.

### *Order Pursuant to Penal Code Section 1202.5*

Defendant asserts, and respondent concedes that the order made pursuant to Penal Code section 1202.5 should be modified.

At sentencing, the court stated that "pursuant to Penal Code section 1202.5, I am issuing an order prohibiting all contact, including visitation with the um, child complaining witnesses in this case." The minute order and abstract of judgment state that this order prohibits contact with "victim or family.'

Initially, the reference to "family," must be stricken because it was not included in the court's order on the record. The oral pronouncement of sentence prevails over the language of a minute order. (*People v. Scott* (2012) 203 Cal.App.4th 1303, 1324.)

In addition, the court's limitation of "contact" must also be stricken. Penal Code section 1202.05, subdivision (a) provides that when a defendant is convicted of a violation of section 288, the court "shall prohibit all visitation between the defendant and the child victim." (Pen. Code, § 1202.05, subd. (a).) A violation of Penal Code section 647.6, annoying or molesting a child as a misdemeanor, for which defendant plead no

6

contest as to victim J.D., is not included in the provisions of Penal Code section 1202.05, subdivision (a).

As such, the order pursuant to Penal Code section 1202.05, subdivision (a), must be modified to prohibit visitation with C.D.

## DISPOSITION

The judgment is modified to prohibit defendant from having visitation with C.D. As modified, the judgment is affirmed.


_____
RUSHING, P.J.




WE CONCUR:




_____
PREMO, J.




_____
ELIA, J.


7